IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00354-MR

| | |
|---|---|
| PHILLIP EUGENE THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU ELIS, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I. BACKGROUND**

The pro se Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 addressing the circumstances of his arrest in Cleveland County on August 21, 2021, when a police dog bit him.[1] He names as Defendants:

---

[1] The Plaintiff's address of record with the Court is at the Albemarle Correctional Institution. However, the North Carolina Department of Adult Correction's website indicates that the Plaintiff is presently located at the Carteret Correctional Center. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1475356&searchLastName=thomas&searchFirstName=phillip&searchMiddleName=e&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed March 13, 2024); Fed. R. Evid. 201. The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his present address at all times, and that the failure to do so may result in the dismissal of this action for lack of prosecution. [See Dec. 18, 2023 Order of Instructions].

Sergeant Elis and "County Sheriff Offices." [Doc. 1 at 1]. The Plaintiff asserts claims for "4th Amendment (excessive force)," "14th Amendment due process and equal protection of the law," and "municipal liability." [Id. at 6, 10]. For injury, he claims:

> Deep punctured wounds from k-9 dog bites requiring treatment at Atrium healthcare in Cleveland County. I got stitches to closed the wounds, three shots to prevent any future suspected rabies, however extended treatment continued after I was discharge at the Cleveland County Jail for infection the detected days. Eventual the infection was gone and my stitches got removed by the County medical staff.

[Id.] (errors uncorrected). He seeks: "Declarative Relief, Punitive Damages, Compensatory Damages, medical fees, Attorney fees, Damages for pain and suffer, mental anguish, Emotional distress in the amount of $1.5 million." [Id. at 8] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

2

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

#### A. Parties

The Complaint refers to several individuals who are not named as defendants in the caption as required by the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 4 (referring to attorney Greg Smith, the

Superior Court Judge, the District Attorney, an employee of the Clerk of Superior Court, Plaintiff's girlfriend, etc.); see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as defendants are dismissed without prejudice.

### B. Due Process and Equal Protection

The Plaintiff asserts claims for "14th Amendment due process and equal protection of the law." [Doc. 1 at 6 (referring to "attached page 2"), 10 (page "D-2" addressing only excessive force and municipal liability)]. However, these claims are not supported by factual allegations. These claims are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient);

4

Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Plaintiff's claims for due process and equal protection violations are dismissed without prejudice.

### C. Excessive Force

"The Fourth Amendment's bar on unreasonable seizures prohibits the use of excessive force by a police officer in effectuating an arrest." Harris v. Pittman, 927 F.3d 266, 272 (4th Cir. 2019). Whether an officer has used excessive force is analyzed under an objective reasonableness standard. See Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). The factors governing this analysis are: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

The Plaintiff alleges that Defendant Elis improperly deployed a police dog without a verbal warning and commanded the dog to bite Plaintiff repeatedly when the Plaintiff was unarmed, not running, and not resisting. [Doc. 1 at 5, 10]. Construing the allegations liberally and drawing all reasonable inferences in the Plaintiff's favor, the excessive force claim

5

against Defendant Elis will be allowed to proceed in that it is not clearly frivolous.

### D. Municipal Liability

Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

There are three necessary elements for Monell liability. First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or

6

custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987). A policy, custom or practice can exist in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train [employees], that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality. Spell, 824 F.2d at 1389; see also Owens v. Balt. City State's Attorney's Office, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act, the *sine qua non* of Monell liability."). Third, the plaintiff must allege an affirmative causal link between the "policy or custom," and the particular injury suffered by the plaintiff. Spell, 824 F.2d at 1389.

A plaintiff can establish the requisite "policy" for Monell liability through a failure to train, if it "reflects a 'deliberate' or 'conscious' choice" to not do

7

so. City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989). Training policy deficiencies can include (1) "express authorizations of unconstitutional conduct," (2) "tacit authorizations" of such unconstitutional conduct, and (3) failures to adequately "prohibit or discourage readily foreseeable conduct in light of known exigencies of police duty." Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987). No matter which theory is alleged, the plaintiff must point out "a specific deficiency" in training, "rather than general laxness or ineffectiveness in training." Id.; see also, e.g., McDowell v. Grimes, No. GLR-17-3200, 2018 WL 3756727, at *4 (D. Md. Aug. 7, 2018). Second, a plaintiff must establish that the municipality's failure to train showed a "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Connick v. Thompson, 563 U.S. 51, 61 (2011) (alteration in original). Deliberate indifference is shown if "the need for more or different training is so obvious, and the inadequacy [in training is] so likely to result in the violation of constitutional rights." Harris, 489 U.S. at 390, 109 S.Ct. 1197; accord Jordan by Jordan v. Jackson, 15 F.3d 333, 341 (4th Cir. 1994). Finally, the plaintiff must show that "the officer's conduct resulted from said training," or lack thereof. McDowell, 2018 WL 3756727, at *4

8

(quoting Jones v. Chapman, No. ELH-14-2627, 2015 WL 4509871, at *18 (D. Md. July 24, 2015)).

The Plaintiff alleges that:

> Defendant County of Cleveland[2] owed a duty to Plaintiff, to ensure that the Cleveland County Sheriff's Department, its agents, employees, and its K-9 unit would perform their duties in such a way as to avoid subjecting Plaintiff to physical injury by way of unreasonable excessive force where defendant County of Cleveland failed to properly hire, train, instruct, supervise, investigate and discipline sheriffs of Cleveland County Sheriff's department with deliberate indifference to Plaintiff's constitutional rights under the 4th and 14th amendments to the U.S. constitution, and was the moving force and/or proximate cause of the deprivation of Plaintiff's clearly established and well-settled constitutional right of a verbal warning before seizure by a police dog that lacked training to unlatch and stop chewing well after Plaintiff was subdued causing serious nerve injury….

[Doc. 1 at 10].

The Plaintiff's vague and conclusory claims fail to plausibly allege that any constitutional violations resulted from a municipal policy or custom. His bare references to policy and custom, and to a failure to train and supervise, are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Plaintiff instead appears to rely

---

[2] The Plaintiff has not named Cleveland County as a defendant in this case, naming instead as a Defendant "County Sheriff Offices." [See Doc. 1 at 1]. This deficiency is irrelevant, however, because the Plaintiff has failed to state a plausible municipal liability claim in any event.

on a respondeat superior theory, which does not support Monell liability. The Plaintiff's municipal liability claims are, therefore, dismissed.

### E. Intentional Infliction of Emotional Distress

Construing the Complaint liberally, it appears that the Plaintiff may be attempting to assert a claim against Defendant Elis for the intentional infliction of emotional distress under North Carolina law. [See Doc. 1 at 10].

The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Dickens v. Puryear, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981) (citations and quotation marks omitted). The severe emotional distress required for intentional infliction of emotional distress is "any emotional or mental disorder, such as for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe or disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Piro v. McKeever, 245 N.C. App. 412, 416, 782 S.E.2d 367, 371 (2016), aff'd 369 N.C. 291, 794 S.E.2d 501 (citations omitted). Conduct is "extreme and outrageous" when it "exceeds all bounds usually tolerated by a decent society." Shreve v. Duke Power Co., 85 N.C. App. 253, 257, 354 S.E.2d 357, 359 (1987) (citation and quotations omitted).

While Plaintiff alleges in a conclusory manner that he suffered "mental anguish" and "emotional distress," he has not alleged that Defendant Elis intentionally caused him a severe or disabling emotional or mental condition as required under North Carolina law. [Doc. 1 at 8]. Therefore, to the extent that the Plaintiff attempted to assert a claim for the intentional infliction of emotional distress, it is dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's excessive force claim has passed initial review against Defendant Elis. The remaining claims are dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review against Defendant Elis for the use of excessive force.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail a blank summons form to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendant Elis. Once the Court receives the completed summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

The Clerk is respectfully instructed to mail a copy of this Order and a blank summons form to the Plaintiff at his address of record as well as to: Phillip Eugene Thomas, 1475356, Carteret CC, PO Box 247, Phoenix, MD 21131.

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge